# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br><br>DARRELL WYLIE<br>a/k/a/ "Rell"<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 17-1482-M<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 2, 2017  in the county of  Philadelphia  in the  Eastern  District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached affidavit, incorporated here.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan W. Rooney, Special Agent, ATF
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/03/2017

_____
*Judge's signature*

City and state:  Phialdelphia, PA    U.S. Magistrate Judge CAROL S. MOORE WELLS
_____
*Printed name and title*

## Affidavit

**I, Ryan W. Rooney, being duly sworn, depose and state as follows:**

### A. BACKGROUND

1. I, Ryan W. Rooney, am a Special Agent for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since March 2014. I am currently assigned to ATF Philadelphia Group VII, which is a Firearms Enforcement Group, whose primary responsibilities include investigating violent crime through the interdiction of firearms being possessed or used by violent criminals in Philadelphia, Pennsylvania. During my career as an ATF Agent, I have applied for and executed Federal search warrants and seized evidence in accordance with the probable cause set forth in the affidavits. I have led investigations related to firearms trafficking and I have arrested individuals in violation of Federal firearms laws; I am familiar with evidence needed in a criminal complaint affidavit to establish probable cause.

2. The information contained in this affidavit is known to me personally or has been relayed to me by other law enforcement officers, or individuals assisting law enforcement officers, as indicated below. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause to secure authorization to arrest Darrell WYLIE, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to arrest WYLIE for a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

1

## B. THE CRIMINAL INCIDENT

3. In November of 2017, ATF Agents, using information provided by a confidential informant, herein to be referred to as [CS-1],[1] were conducting an investigation into Darrell WYLIE a/k/a "Rell," and others known to investigators. WYLIE has two felony convictions in the Commonwealth of Pennsylvania, both for Possession with intent to deliver narcotics. CS-1 informed investigators that WYLIE had engaged CS-1 in unmonitored conversations regarding the sale of multiple firearms.

4. On November 2, 2017, ATF agents and task force officers, working with CS-1, attempted to conduct a controlled purchase of three firearms from Namir WHITE a/k/a "Na" and Darrell WYLIE a/k/a "Rell."[2] However, during the undercover operation to purchase the three firearms, WYLIE and WHITE robbed CS-1 of $3,200 in government funds. The robbery is discussed in greater detail later in this affidavit. Prior to the attempted purchase, CS-1 informed agents WHITE and WYLIE had three guns for sale. Subsequently, CS-1 met with investigators at the ATF office and placed consensually recorded/monitored telephone calls to both WYLIE and WHITE to confirm the gun deal. WYLIE and WHITE offered to sell three firearms to CS-1 for $3,200. During a call with WHITE, the firearms were identified as a Taurus pistol, an FN pistol, and a "Smith," know to investigators to be a Smith & Wesson firearm. Ultimately, CS-1 agreed to meet WYLIE and WHITE at the McDonald's at Broad and Girard Streets in Philadelphia to purchase the firearms. Meanwhile, agents travelled with CS-1 in an undercover

---

[1] CS-1 is a registered ATF confidential informant.

[2] A "controlled purchase" is when investigators use an undercover officer and/or a confidential informant to purchase evidence, such as a firearm, from subjects of an investigation. Audio/Video electronic surveillance equipment is used to record the transaction and physical surveillance is conducted by investigators.

2

law enforcement vehicle to the area of Broad and Girard Streets to conduct the controlled purchase.[3] Agent Bowman provided CS-1 with $3,200 in government funds to purchase the three firearms from WHITE and WYLIE.

5.  CS-1, while electronically monitored, then met with WYLIE and WHITE. In summary, CS-1 was greeted by WYLIE at Girard and Watts Streets and they got into the silver Subaru, parked on Watts Street, that was driven by WHITE. A review of the audio/video recording made by CS-1 revealed that CS-1 gave WHITE the money, which WHITE counted[4]. WYLIE tried to give CS-1 a bag with no firearms in return. CS-1 argued to get the money back. WYLIE refused to return it. The vehicle then made a quick left on a side street. WYLIE then stepped out of the vehicle and told CS-1 "…the cash is ours Lil…get up out of the car Lil before I have to pop you with this jawn…" CS-1 told investigators WYLIE pointed a gun at him/her. CS-1 then got out of the car and WHITE drove off. CS-1 was then picked up by investigators.[5]

6.  Agents followed the silver Subaru and arrested WHITE at a gas station on Broad Street. Subsequently, agents observed WYLIE walking at 8th and Master Street and placed him under arrest as well. The agents searched WYLIE and recovered from his pants waistband a Springfield, Model XDS, .45 caliber pistol, serial number XS687260, loaded with six live rounds of ammunition in the magazine and one live round in the chamber. WYLIE also had 20 individual packets of suspected heroin stamped "WARNING," packaged for distribution hidden in his underwear, and other items[6].

---

3 While at the ATF offices, CS-1 was searched for negative results for contraband and cash, and outfitted with audio/video recording equipment.
4 WHITE is known to investigators and will be charged elsewhere in a separate complaint and warrant.
5 Once back at the ATF offices, CS-1 was searched with negative results for money or contraband, and debriefed.
6 Per Philadelphia Police Department policy, the suspected heroin cannot be field tested due to possible fentanyl laced. However, based on my training and experience and that of a seasoned narcotics officer assigned to ATF,

7. In sum; based on my training and experience, and from the facts above, I know that on November 2, 2017, WYLIE possessed the loaded Springfield, Model XDS-45, .45 caliber pistol. I know that Springfield firearms are not manufactured in the Commonwealth of Pennsylvania. I have received certified copies of convictions for Darrell WYLIE, which show that he has been convicted of felony charges on two separate occasions in the courts of the Commonwealth of Pennsylvania and is therefore prohibited from possessing firearms under Federal law.

## C. CONCLUSION

Therefore, I request that an arrest warrant be issued for Darrell WYLIE, charging him with a violation of Title 18 U.S.C. Section 922(g)(1) - felon in possession of a firearm.

_____
Ryan W. Rooney
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 3rd DAY
OF November, 2017.

_____
HONORABLE CAROL S. MOORE WELLS
United States Magistrate Judge

---

your affiant believes the substance to be heroin. Additionally, your affiant knows that WYLIE was previously convicted for possession of heroin thus linking him to that controlled substance.

4